BANGOR SAVINGS BANK *vs.* DAVID WALLACE.
SAME *vs.* SAME, and another.

Penobscot.    Opinion September 26, 1894.

*Mortgage.  Possession.  Crops.  Trespass.  Action.*

A mortgagee of real estate, in the absence of an agreement to the contrary, has the right at any time to take possession of the mortgaged premises if he can obtain it peaceably, and to take the crops that may be growing thereon, and apply the proceeds therefrom to the mortgage debt.

The treasurer of a savings bank, in the absence of evidence to the contrary, must be deemed to have authority in behalf of the bank to take possession of land upon which the bank holds a mortgage, for the purpose of gathering the growing crops.

If, after possession taken by the bank, and while the land is in possession of the bank as mortgagee, the mortgagor or other person wrongfully enters upon the land and takes and carries away a portion of the crops, the bank may maintain an action of trespass against him therefor.

If such action is brought by the direction of its treasurer, it will, in the absence of evidence to the contrary, be regarded as brought by the authority of the bank.

ON REPORT.

These were two actions of trespass, *q. c.*, brought by the assignee of the mortgagee, to recover the value of the crops removed by the defendants after foreclosure begun and possession taken by the plaintiff.    The defendants justified as agents of the mortgagor, and the plaintiff claimed that it had acquired possession of the premises and crops through the .foreclosure proceedings of an agent acting under the authority of its treasurer.

The facts appear in the opinion.

*E. C. Ryder and Matthew Laughlin*, for plaintiff.

The treasurer of a savings bank, without vote of the trustees, has authority to foreclose a mortgage, and, in any event Butterfield's entry for the purpose of taking the crops was an act capable of ratification.    Entry sufficient to revest the estate. *Jenks* v. *Walton*, 64 Maine, 97.    As to authority of treasurer to foreclose the mortgage, counsel cited:    *Wallace* v. *First*

*Parish of Townsend*, 109 Mass. 263 ; *Trustees of Smith Chari-*
*ties* v. *Connolly*, 157 Mass. 272 ; *Bristol County Savings Bank*
v. *Keavy*, 128 Mass. 298 ; *Cutts* v. *York Manf'g Co.* 18 Maine,
190. Presumption, in absence of all evidence, *Howard* v.
*Hatch*, 29 Barb. 297.

An entry may be invalid for purpose of foreclosure and still
be a lawful entry for the purpose of taking crops or of taking
possession for any purpose. *Northampton Paper Mills* v.
*Ames*, 8 Met. 1 ; *Cook* v. *Johnson*, 121 Mass. 326 ; *Perley* v.
*Chase*, 79 Maine, 519 ; *Gilman* v. *Wills*, 66 Maine, 273 ;
Jones Mort. §§ 697, 721, and 780 : *Allen* v. *Bickmore*, 36
Maine, 436.

Entering for the express purpose of taking crops is an act
capable of ratification and was ratified. Am. Dig. 1893, p. 974,
§ 232 ; *Planters' Bank* v. *Sharp*, 12 Miss. 75 ; Am. and Eng.
Ency. p. 429, and citations.

Ratification : *Cook* v. *Tullis*, 18 Wall. 338 ; *Thorndike* v.
*Godfrey*, 3 Maine, 429, p. 432 ; Story Agency, §§ 245, 246
and citations ; *First Parish in Sutton* v. *Cole*, 3 Pick. 245 ;
Whart. Agency, § 80 ; *Richards* v. *Folsom*, 11 Maine, 70 ;
*Gibson* v. *Norway Savings Bank*, 69 Maine, p. 579.

*A. W. Paine, for defendants.*

Counsel argued : (1) That as mortgagee the bank had no right
to sue the defendants as mortgagors and therefore cannot recover
here, because the plaintiff had no actual possession of the premi-
ses, such actual possession being in defendants, with the right
to gather the crops which by their cultivation they had raised.

(2) That at common law the plaintiff had no such possession
of the premises as gave it a right to maintain an action of tres-
pass, the defendants' occupancy and rights being such as
authorized the acts complained of.

(3) That all the necessary preliminary acts, requisite for the
prosecution and sustaining of the suits, were all performed by
Butterfield without the authority or knowledge of the bank and
hence were utterly void and of no effect, the subsequent ratifica-
tion of the acts by vote of the plaintiff being equally of no force

but void and ineffectual and hence no cause of action has ever existed to justify or legalize either of the suits in question.

Counsel cited : *Hewes* v. *Bickford,* 49 Maine, 71 ; *Vehue* v. *Mosher,* 76 Maine, 469 ; *Page* v. *Robinson,* 10 Cush. 99-102 ; *Fernald* v. *Linscott,* 6 Maine, 234 ; *Judd* v. *Tryon,* 131 Mass. 345 ; *Jarvis* v. *Albro,* 67 Maine, 310 ; *Chase* v. *Marston,* 66 Maine, 271 ; *Long* v. *Wade,* 70 Maine, 358 ; *Noyes* v. *Rich,* 52 Maine, 115 ; *Mayo* v. *Fletcher,* 14 Pick. 525-532 ; *Russell* v. *Allen,* 2 Allen, 44 ; *Perley* v. *Chase,* 79 Maine, 519, p. 521 ; *Teal* v. *Walker,* 111 U. S. 249-50 ; *Judkins* v. *Woodman,* 81 Maine, 355 ; *Bennett* v. *Conant,* 10 Cush. 163 ; *Gilman* v. *Wells,* 66 Maine, 273 ; *Lunt* v. *Brown,* 13 Maine, 236-9 ; 4 Kent. Com. 119 ; *Treat* v. *Peirce,* 53 Maine, 71 ; *Clark* v. *Peabody,* 22 Maine, 500 ; *Fiske* v. *Holmes,* 41 Maine, 441 ; *Jones* v. *Bowler,* 74 Maine, 310 ; *Pease* v. *Benson,* 28 Maine, 333-353 ; *Chamberlain* v. *Gardiner,* 38 Maine, 548-552 ; *Northampton* v. *Ames,* 8 Met. 1.

SITTING : PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

STROUT, J.   These two cases involve the same questions and were argued together.

At the date of the alleged trespasses, the Bangor Savings Bank was the holder, by assignment, of a mortgage of the *locus in quo,* the title to the estate, subject to this mortgage, being in Mrs. Wallace, wife of David Wallace, under whom the defendants justify.   The mortgage contained no provision as to possession ; consequently the mortgagee had the right to take possession at any time ; and upon taking possession, the bank, as assignee of the mortgage, had the legal right to take and hold, to be allowed upon its debt, any crops that might be standing or growing on the mortgaged premises, at the time possession was taken.   *Gilman* v. *Wills,* 66 Maine, 273.   No one lived upon the premises, and it seems, from the report, that no buildings were upon them.   On July 14, 1893, one Butterfield, who is stated to have had some equitable interest in the

mortgage, as between him and the bank, wrote to the bank, directing his letter to "Bangor Savings Bank," and therein asked to have the mortgage sent to him, as he wished to make out a foreclosure in the name of the bank, "and take immediate possession, so as to hold the crops." In reply to this letter, James Crosby, treasurer of the bank, wrote Butterfield, and enclosed the mortgage as "per request." On receipt of this letter and mortgage, Butterfield, on July 21, 1893, in presence of two witnesses, entered unopposed upon the mortgaged premises, and stated to the witnesses that he took possession for the purpose of foreclosing "and taking possession of the crops." He then went to Wallace, and told him he "had entered and taken possession, had foreclosed the mortgage and taken possession to gather the crops, and he must not molest them in any way." He then went to Mr. Watson, who lived on the adjoining farm, and told him to look after the crops, and if there was any trespassing to immediately let him know. Wallace says he told Butterfield, when he, Butterfield, notified him of his entry and claim to the crops, that he, Wallace, "should harvest the crops." August 14, Butterfield found Wallace cutting oats and forbade him, and had him arrested the same day, but that suit was not entered in court. The trespasses complained of consisted of cutting and taking a portion of the crops between July 22, and August 23, 1893. The question is, did Butterfield have authority from the bank to enter and take possession of the premises, for the purpose of taking the crops ; and whether, if he had such authority, he did in fact enter and obtain possession of the premises, for the bank ; and whether he was authorized to institute these suits.

Whether the treasurer of the bank, without specific authority from the trustees, could foreclose a mortgage held by the bank, is a question of doubt. It is not necessary to decide it in these cases, and we do not decide it. *Treat* v. *Pierce*, 53 Maine, 71.

Butterfield's letter to the bank of July 14, apprised the bank of his purpose, and requested possession of the mortgage to enable him to carry out that purpose. When the mortgage was sent to him by the bank's treasurer, in response to that request,

it must be deemed an authority to Butterfield to proceed to take possession and gather the crops, if Crosby, the treasurer, could give such authority. Treasurers of savings banks have the custody of the securities of the bank, and it is part of their duty to collect and receive debts due the bank. Cases might often arise where speedy action would be necessary to protect property on which the bank held a mortgage, and there might not be sufficient time to call the trustees together for specific instructions.

If a mortgagor of personal property was in the act of removing the property beyond the state, or of destroying it, or in case of crops on mortgaged premises, after possession had been taken by the bank, the mortgagor should harvest, and was in the act of shipping them to another state, beyond the power of reclamation by the bank, we apprehend the trustees of the bank would expect the treasurer to act promptly to protect its interests. The early doctrine required corporations to act by vote, in nearly all cases. But since business corporations have become very numerous, that doctrine has been greatly relaxed. Now, in most corporations, and particularly in savings banks, the bulk of business is transacted by the treasurer, or other general officer, by the express or tacit consent and approval of the directors or trustees. The practice has become so general, and has been found so convenient, that it may fairly be assumed, in the absence of evidence to the contrary, that the treasurer of a savings bank has authority to perform the acts necessary to the preservation and protection of the property of the corporation which are usually done and performed by like officers of other business corporations by tacit permission and approval of the trustees or directors. In *Bristol Co. Savings Bank* v. *Keavy*, 128 Mass. 302, the treasurer of a savings bank, without a vote of the trustees, directed suit to be brought upon a note due the bank, and judgment was obtained, a levy on land made to satisfy the execution, seizin by an attorney employed by the treasurer, and a writ of entry brought to recover the land, the court held the treasurer had authority to institute both suits, and that, in the absence of evidence to the contrary, the suits were duly

authorized by the bank.   The court said : "It would be a great obstacle to the successful management· of savings banks and other corporations, if no suit for the collection of a debt could be instituted except by vote of the trustees or directors."

The treasurer of plaintiff bank, in the absence of evidence to the contrary, may be presumed to have had authority to take possession of the mortgaged property for the bank to secure the crops, and to employ an agent or attorney to take such action for the bank, and that, by his letter of July 19, 1893, to Butterfield, enclosing the Hanscomb mortgage, in reply to Butterfield's request of July 14, 1893, he conferred upon Butterfield sufficient authority to enter and take possession of the premises, to secure the crops.

That Butterfield did enter, unopposed, and take possession of the mortgaged premises, is abundantly shown.   The verbal claim of Wallace, when notified of Butterfield's act, that he should take the crops, was of no avail to defeat Butterfield's previous peaceable entry.   *Dyer* v. *Chick*, 52 Maine, 350.   After possession was taken, Butterfield appointed an agent to look after the crops, and went himself nearly every day upon the land, until after the date of the last suit brought. It is difficult to see how any fuller possession of a lot of land, having no buildings and no resident occupant upon it, could be taken or retained.   At the date of the several trespasses sued for, the plaintiff must be regarded as in lawful possession of the mortgaged premises, and the acts of the defendants in cutting and carrying away a part of the crops growing thereon, were unauthorized, and in violation of the plaintiff's rights.

These suits were brought by Butterfield's direction, without any further or other authority from the bank.   But as the bank, through its treasurer, had conferred authority upon Butterfield as its agent, to enter upon the premises to secure the crops, such authority included all acts necessary to protect the interest of the bank therein, and to that end, to institute these suits for and in the name of the bank, to recover the value of the crops wrongfully taken from the premises by the defendants.   That

VOL. LXXXVII.    3

the bank so regarded it, is shown by its subsequent approval of the acts, by vote of the trustees.

These suits must be regarded as brought by the authority of the bank, and the plaintiff is entitled to recover in both actions. By the terms of the report, judgment is to be entered for plaintiff in each case for sixteen dollars damages.

*Judgment for plaintiff.*